14-979-cr
United States v. Milter

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand fifteen.

PRESENT: RALPH K. WINTER,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                      No. 14-979-cr

S. GEORGE MILTER,

*Defendant-Appellant.*[*]

-----------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANT: Daniel M. Perez, Law Offices of Daniel M. Perez, Newton, NJ.

FOR APPELLEE: Carrie H. Cohen, Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

S. George Milter appeals from the District Court's judgment of conviction entered March 17, 2014, sentencing him principally to sixty-one months' imprisonment, following his plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. On appeal, Milter argues that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Milter contends that the District Court committed procedural error by failing to recognize that 18 U.S.C. § 3553(a)'s parsimony clause is mandatory and that § 3553(a)(6) requires courts to consider the need to avoid unwarranted nationwide sentence disparities. Because Milter did not raise these claims below, we review them for plain error. United States v. Rubin, 743 F.3d 31, 39 (2d Cir. 2014). We conclude that Milter's sentence was not procedurally unreasonable under this standard. The District Court expressly applied the parsimony clause, noting that 60 months' imprisonment was "not quite enough" but that 61 months' imprisonment was "sufficient, but not greater than necessary, to achieve the various factors of 3553(a)." App'x 106. "Since the District Judge correctly

2

calculated and carefully reviewed the Guidelines range, [she] necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." Gall v. United States, 552 U.S. 38, 54 (2007); see also United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006).

We also conclude that Milter's sentence was not substantively unreasonable. The District Court carefully considered the § 3553(a) factors, citing, among other things, the duration of Milter's offense and the emotional and financial pain Milter caused to the victims, even after it became clear that they were "in extremis." App'x 107. On this record, we cannot say that the sentence imposed by the District Court fell outside "the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).

We have considered Milter's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3